UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARRA OTTO, *et al.*, | 3:16-cv-00451-MMD-WGC |
| Plaintiffs, | **ORDER** |
| vs. | Re: ECF No. 157 |
| REFACCIONES NEUMATICAS LA PAZ, S.A. DE C.V., *et al.*, | |
| Defendants. | |

A motion hearing was held on March 22, 2019, on Defendant Reffaciones Neumaticas La Paz, S.A., DE C.V.'s (RNP) Emergency Motion for Protective Order (ECF No. 157). Michael Pintar, Esq., appeared on behalf of Defendant RNP; Bradley Taylor, Esq., appeared by telephone on behalf of Defendant F&H Mine Supply (F&H); Stephen Balkenbush, Esq., appeared on behalf of Defendant Mid-Western, LLC (MW); and William Jeanney, Esq., appeared on behalf of Plaintiffs.

The court scheduled a hearing on RNP's motion to address whether Plaintiffs' deposition of RNP's person most knowledgeable (PMK) had to be noticed under the Hague Convention and whether the PMK deposition should be taken in accordance with the Mexican Rules of Civil Procedure. (ECF No. 158.)

The court also addressed Plaintiffs' opposition to RNP's motion, which opposition included a renewal of Plaintiffs' request that the deposition of RNP's PMK, a Mr. Fernandez, be taken in Reno as opposed to Matehuala, Mexico. (ECF No. 159.)

/ / /

## I. RNP's Emergency Motion for Protective Order (ECF No. 158)

RNP's motion was based, as best as the court could understand it, on certain unidentified provisions of the "Mexican Code of Civil Procedure," attached as Exhibit 1 to Defendant's motion. (ECF No. 157-1.) The Mexican Code was presented to the court in Spanish format; no English translation was provided. Neither Defendant's motion nor counsel's argument pinpointed any specific provision of the Mexican Code which would present any obstacle to the Plaintiffs' proposed videotaped deposition of RNP's PMK in Mexico. The court concluded RNP had not provided any viable argument that the Mexican Code should prevent the Fernandez deposition from proceeding under the Federal Rules of Civil Procedure.

The second component of RNP's motion was based on an argument that Plaintiffs' notice of Mr. Fernandez's deposition, which was scheduled for RNP's principal place of business in Matehuala, Mexico, was not in conformity with Fed. R. Civ. P. 28, which pertains to "Persons Before Whom Depositions May Be Taken." Defendant argued that under Rule 28, the Fernandez deposition should have been noticed under the Hague Convention. (ECF No. 157 at 5.) Plaintiffs contended the deposition was properly noticed under Fed. R. Civ. P. 30 and 28.

The court agreed with Plaintiffs' position. The United States Supreme Court held in *Société Nationale Industrielle Aérospatiale v. District Court*, 482 U.S. 522 (1987), that a deposition may be taken of a foreign corporation under the Federal Rules of Civil Procedure and that the Hague Convention is just "*one* method of seeking evidence a court may elect to employ." (emphasis added). The Supreme Court also concluded that requiring a party to *solely* proceed under the Hague Convention ". . . would be inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our court. See Fed. R. Civ. P. 1." 482 U.S. 522 at 541, 542-43. The United States District Court for the District of Nevada has recognized that under Rule 28(b), a deposition in a foreign country may be taken "on notice." *Securities and Exchange Commission v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 WL 1030862 *2-3 (2014). RNP is a party and as such is subject to this court's Federal Rules of Civil Procedure. The court, therefore, rejected the second premise of RNP's motion that the deposition could only be noticed under the provisions of the Hague Convention.

**II. Plaintiffs' Renewed Request to Take the RNP PMK deposition in the United States (ECF No. 159)**

Plaintiffs represented they have been prepared to travel to Matehuala, Mexico (located apparently somewhat remotely in Northwestern Mexico), accompanied by an interpreter, court reporter and videographer. Counsel for RNP and MW were also prepared for the travel, which involved flights from Reno, Nevada, to Dallas, Texas (DFW), and air travel from DFW to a city in Mexico for subsequent two plus hours of land travel to Matehuala.[1] However, Plaintiffs renewed their request that the Fernandez deposition be taken instead in Reno, Nevada, as follows:

> It should not go unnoticed that RNP has revealed a strategy of disruption and delay. It cannot be seriously doubted that they will find a way to disrupt a deposition taken in Mexico. Plaintiffs realize that this Court has thus far declined to order that the deposition take place in Reno. However, it is respectfully submitted that the circumstances have changed in that RNP's willingness to wreck havoc on these proceedings is more apparent that before. In light of this and the relatively huge costs of taking a videotaped deposition in Mexico compared to deposing Mr. Fernandez in Reno, we respectfully request that the Court sanction RNP by requiring Mr. Fernandez to travel, to Reno for his deposition.

(ECF No. 159 at 5, ll. 12-19.)

At the March 22, 2019, hearing, the court expressed concern not only the logistics of travel to Mexico but the skepticism that RNP's Mexican counsel, who have been lurking in the background of several attempts to seemingly prevent this deposition from proceeding, may prohibit the orderly process of a deposition. (*See*, ECF Nos. 153 at 2-5, 156, 157, 158 and 159.)

Courts have discretion where depositions should be conducted. *Hyde Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). There is a strong presumption, albeit rebuttable, a foreign deposition should be taken at the corporation's principal place of business. *Aérospatiale*, *supra*, 482 U.S. at 546. The Plaintiffs were prepared to travel to Mexico at RNP's principal place of business until RNP, Plaintiffs argued, repeatedly interfered with Plaintiffs' attempts to undertake the Fernandez deposition.

///
///
///

---

[1] Counsel for F&H was going to participate by a form of teleconferencing.

The courts have adopted a five step test that a district court is to employ in determining the location of a deposition of a foreign corporation. *Cadent, Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005); *Banc de Binary*, *supra*, at * 4-5. Under *Cadent*, the court must examine:

> (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate-resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship.

*Cadent*, 232 F.R.D. at 629.

The *Cadent* factors mitigate toward the venue for the deposition being in Reno. (1) All counsel of record are located in the forum district, i.e., the District of Nevada. By proceeding with a deposition in Reno, at least three (and possibly four) attorneys and their clients would not have to incur the expense of traveling to Mexico for a deposition. (2) Only one corporate representative of RNP, Mr. Fernandez, is scheduled to be deposed.[2] (3) In view of the somewhat contentious relationship between Plaintiffs and RNP, the court unfortunately anticipates that discovery disputes will arise during the pendency of the Fernandez deposition, which would likely involve court intervention.[3] It would be logistically difficult for the court to oversee or perhaps even intervene in a deposition taken in Mexico. (4) It is unknown whether Mr. Fernandez "often engages in foreign travel," but it was also represented to the court that Mr. Fernandez' resume reflected RNP does business in the U.S. and elsewhere. If so, then it would appear the founder of the company has likely traveled to the U.S. in the past. (5) Insofar as the equities are concerned, RNP has accepted federal jurisdiction over it as a defendant and should be required to adhere to the Federal Rules of Civil Procedure. The court further noted that when scheduling the RNP PMK depositions in Matehuala, Mexico, Plaintiffs' counsel had also noticed the deposition of Alejandro Morales, the individual who executed and verified RNP's discovery responses. On March 17,

---

[2] It was represented to the court Mr. Fernandez was a founder and is currently a 75% owner of RNP.

[3] When determining the locale of a deposition, the court should consider its ability to supervise depositions and resolve discovery disputes. *See, Banc de Binary* at * 5, citing, *Afram Exp. Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1365 (7th Cir. 1958); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 457, 551 (S.D.N.Y. 1989). In that regard, the parties' discovery disputes have generated a significant number of recent hearings by the court. *See* Minutes of Proceedings ECF No. 133 (12/18/18); ECF No. 136 (12/27/18); ECF No. 149 (2/27/19); ECF No. 153 (3/7/19); and ECF No. 156 (3/18/19).

2019, RNP's counsel advised Plaintiffs' counsel that Mr. Morales was no longer with the company (or that he was on a leave of absence); in any event, an important witness was no longer available for his deposition. (ECF No. 156; ECF No. 159-1 at ¶ 9.) This revelation also factored into the court's balancing of the equities.

The *Cadent* factors therefore militate in favor of the Fernandez deposition be taken in Reno, particularly when taking into account the requirements of Fed. R. Civ. P. 1 to secure, as best as possible, the "inexpensive" determination of an action.

Because Plaintiffs' counsel will not have to pay for the transportation and likely per diem charges of a court reporter, translator and videographer, as well as his own travel expenses, Plaintiffs should nonetheless bear the reasonable expenses associated with Mr. Fernandez' travel to Reno, Nevada for his deposition.

Upon review of the papers and consideration of oral argument buy counsel, and good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendant Reffaciones Neumaticas La Paz, S.A., DE C.V.'s Emergency Motion for Protective Order (ECF No. 157) is hereby **DENIED**.

2. That the deposition of Defendant Reffaciones 30(b)(6) witness is to be completed by **April 22, 2019**.

3. Plaintiffs' request that the RNP PMK deposition be taken in the U.S. (ECF No. 159) is **GRANTED**. The deposition shall be held in the United States, in Reno, Nevada.

4. That Plaintiffs shall pay the reasonable costs of travel and lodging for the deponent.

5. That the deposition of Plaintiffs' expert Quent Augspurger shall also be rescheduled to be completed by April 22, 2019.

6. That discovery shall remain open only as between Plaintiffs and RNP for an additional thirty (30) days for the purposes of these two (2) depositions.

///

7. The deadline for dispositive motions is extended - for the last time - to **Friday, May 31, 2019**.

8. The deadline for filing the Joint Pretrial Order (assuming no dispositive motions are pending) is extended to **Friday, June 28, 2019**.

DATED: March 26, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE