UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRA OTTO, AS THE SURVIVING SPOUSE OF RICHARD OTTO, AND CARRA OTTO AS THE ADMINISTRATRIX OF THE ESTATE OF RICHARD OTTO,<br><br>Plaintiffs,<br><br>v.<br><br>REFACCIONES NEUMATICAS LA PAZ, S.A., DE C.V.,<br><br>Defendant. | Case No. 3:16-cv-00451-MMD-WGC<br><br>ORDER |
| AND ALL RELATED CASES | |

This is a products liability case. The purpose of this order is to dismiss certain ancillary claims, following up on a prior order intended to ascertain the status of those claims (the "Prior Order"). (ECF No. 182.)

The Court first addresses Refacciones Neumaticas La Paz, S.A. DE C.V.'s ("RNP") cross-claims for contribution and indemnification it filed against F & H Mine Supply ("F&H") and Mid-Western, LLC. (ECF No. 88 at 8-11.) RNP responded to the Prior Order, stating it had "agreed to dismiss its cross-claims against Mid-Western, LLC, and F&H Mine Supply, without prejudice, each party to bear their own attorney's fees and costs." (ECF No. 184 at 2.) The Court will therefore dismiss those claims without prejudice.

Next, the Court notes it directed F&H to file a response regarding its third-party complaint against International Mine Supply, Inc. ("International Mine") (ECF No. 33). (ECF No. 182 at 1.) The Court warned F&H in the Prior Order that "failure to file a timely status report will result in dismissal of its third party complaint against International Mine." (*Id.* at 2.) F&H did not file a timely response.

The Court will dismiss F&H's third party complaint against International Mine without prejudice. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In addition, "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). "As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Id.* (citing *Chambers*, 501 U.S. at 44-45). Moreover, a court may dismiss an action based on a party's failure to obey a court order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). The Court's Prior Order was clear, and F&H has not complied. The Court will therefore dismiss F&H's third party complaint against International Mine

It is therefore ordered that Refacciones Neumaticas La Paz, S.A. DE C.V.'s cross-claims for contribution and indemnification it filed against F & H Mine Supply and Mid-Western, LLC are dismissed without prejudice.

It is further ordered that F & H Mine Supply's third party complaint against International Mine Supply, Inc. is dismissed without prejudice.

DATED THIS 13th day of March 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE